******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* PATRICK S.
REDMOND
(AC 36831)

Gruendel, Prescott and Pellegrino, Js.

*Argued September 10—officially released December 8, 2015*

(Appeal from Superior Court, judicial district of
Litchfield, Ginocchio, J.)

*Rachel M. Baird*, with whom, on the brief, was *Mitchell Lake*, for the appellant (Patrick C. Redmond).

*James A. Killen*, senior assistant state's attorney,
with whom, on the brief, was *David S. Shepack*, state's
attorney, for the appellee (state).

*Opinion*

PELLEGRINO, J. Patrick C. Redmond (Redmond), the father of the defendant, Patrick S. Redmond[1] (defendant), appeals from the judgment of the trial court denying his motion for the return of seized property. On appeal, Redmond claims that the court improperly (1) concluded that the seized property met the statutory definition of contraband in General Statutes § 54-36a and (2) disposed of the property without giving him proper notice and an opportunity to be heard. We conclude that this court lacks jurisdiction to decide the merits of the appeal because Redmond was not a party to the underlying proceeding. Accordingly, we dismiss the appeal.

The defendant entered a guilty plea to one count of possession with intent to sell in violation of General Statutes § 21a-277 (b) and an *Alford* plea[2] to one count of illegal transfer of a pistol or revolver in violation of General Statutes § 29-33. A condition of the plea agreement was that guns and ammunition seized during the search of the defendant's residence be forfeited to the state and destroyed. Money seized during the search was ordered forfeited to the state pursuant to an in rem proceeding under General Statutes § 54-36h. *State* v. *$7,878.05* (Patrick Redmond), Superior Court, judicial district of Litchfield, Docket No. CV-13-4013067-S (December 10, 2013). After the defendant was sentenced pursuant to the plea agreement, Redmond filed a "Motion for Stay of Order of Destruction and Return of Seized Property" in the criminal action. Redmond claimed to be the owner of the firearms and argued that General Statutes § 54-33g gave him a right to notice of any forfeiture proceeding concerning the firearms. The trial court denied the motion for the return of the property, but granted the motion to stay the destruction of the sixteen firearms, one magazine, and ammunition pending an appeal. This appeal followed.

On November 6, 2014, the state filed a motion to dismiss the appeal for lack of jurisdiction. On February 18, 2015, this court denied the motion to dismiss without articulation. Additional facts will be set forth as necessary.

Two cases are particularly relevant to our analysis: *State* v. *Salmon*, 250 Conn. 147, 163, 735 A.2d 333 (1999), and *State* v. *One or More Persons over Whom the Court's Jurisdiction Has Not Yet Been Invoked*, 107 Conn. App. 760, 946 A.2d 896, cert. denied, 289 Conn. 912, 957 A.2d 880 (2008). In *Salmon*, our Supreme Court articulated a bright line test for an appellant to establish a right to appellate review by direct appeal. The appellant must establish: (1) it was a party to the underlying action; (2) it was aggrieved by the trial court decision; and (3) the appeal is from a final judgment. *State* v. *Salmon*, supra, 163. The court noted that a bright line test will

"aid litigants, who wish to challenge trial court orders through the appellate process, to determine the proper procedural method for such a challenge—an appeal, or a writ of error." Id., 164. The court defined "party" as "[one] by or against whom a legal suit is brought . . . the party plaintiff or defendant . . . ." (Internal quotation marks omitted.) Id., 154. In *Salmon*, the appellant was a bondsman who took issue with the trial court's denial of his motion for a rebate of the bond forfeiture and a release from the bond. Id., 151. Our Supreme Court held that the bondsman did not have a right to appeal under General Statutes § 52-263 because the bondsman was not a party to the underlying criminal action. Id., 149.

This court addressed the question of party status in *State* v. *One or More Persons over Whom the Court's Jurisdiction Has Not Yet Been Invoked*, supra, 107 Conn. App. 760. In that case, the plaintiff in error had purchased a pair of andirons at a public auction. Id., 761. The andirons were later seized by the police, who claimed that they were stolen property. Id. The police had initiated a criminal investigation into the theft of the property, but no charges had been brought against any person. Id., 766. The plaintiff filed a motion for the return of the property, which the trial court denied. Id., 763. When the plaintiff filed his motion, there was no judicial proceeding of any nature underway. Id., 766. Following the denial of his motion, the plaintiff filed a writ of error challenging the judgment. Id., 763.

This court concluded that the plaintiff *initiated* a judicial proceeding in the trial court when he filed his motion for the return of the property, and we referenced this conclusion multiples times. Id., 766, 767, 768. We stated that the fact the plaintiff was not a party to any criminal proceeding relating to the property was of no consequence to our analysis because there was no underlying criminal proceeding. Id., 766–67 n.5. This court held that the plaintiff could have sought appellate review of the judgment by way of a direct appeal. Id., 761. We therefore dismissed the writ of error as procedurally improper. Id., 768.

The present case is more analogous to *Salmon* than it is to *State* v. *One or More Persons over Whom the Court's Jurisdiction Has Not Yet Been Invoked*, supra, 107 Conn. App. 760. Unlike the plaintiff in error in that case, Redmond did not initiate a proceeding when he filed his motion for the return of property. The underlying criminal case and the civil in rem proceeding were already pending. Redmond, who was not a party to the defendant's criminal case, filed his motion for the return of the firearms under the docket number for the criminal case, which is analogous to what the bondsman did in *State* v. *Salmon*, supra, 250 Conn. 151. *Salmon* makes clear that under these circumstances, Redmond is not considered a "party" to the underlying action for pur-

poses of filing an appeal in accordance with § 52-263.

Redmond also purports to appeal from the in rem action for the seized money, as this docket number is also listed on his appeal form. Redmond has never made any claim that he is the rightful owner of the seized money, other than unsubstantiated statements in his brief that he may have some interest in the money, and he was not a party to the in rem action. The in rem action did not concern the firearms; thus, Redmond was not aggrieved by the forfeiture at issue in that matter. Therefore, this court lacks jurisdiction to hear his appeal from that judgment.

Accordingly, we will not consider the other issues raised by Redmond because we lack subject matter jurisdiction.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Patrick S. Redmond is not a party to this appeal.

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

———————————————